# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTWON MAURICE BAYARD, | ) | |
| Plaintiff, | ) | 3: 09-cv-00487-ECR-VPC |
| vs. | ) | |
| NEVADA, STATE OF, *et al.*, | ) | **ORDER** |
| Defendants. | ) | |

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This court granted plaintiff's application to proceed *in forma pauperis* on March 29, 2010. (Docket #37.)

On April 22, 2010, plaintiff filed a motion for leave to proceed *in forma pauperis.* (Docket #40.) Plaintiff has previously been granted *in forma pauperis* status. Accordingly, plaintiff's motion is **DENIED** as moot. (Docket #40.)

On May 14, 2010, plaintiff filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. (Docket #42.) Because plaintiff is not a person in federal custody, § 2255 has no application to him. Accordingly, plaintiff's motion is **DENIED**. (Docket #42.)

On April 22, 2010, plaintiff filed an amended complaint. (Docket #39.) Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In

1  making this determination, the Court takes as true all allegations of material fact stated in the
2  complaint, and the Court construes them in the light most favorable to the plaintiff.  *See Warshaw v.*
3  *Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).   Allegations of a pro se complainant are held to less
4  stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9
5  (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  While the standard under Rule
6  12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels
7  and conclusions.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A formulaic
8  recitation of the elements of a cause of action is insufficient.  *Id., see Papasan v. Allain*, 478 U.S.
9  265, 286 (1986).

10  All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the
11  prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal
12  conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims
13  of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful
14  factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319,
15  327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

16  Plaintiff names the State of Nevada as a defendant in this action.  The Eleventh Amendment
17  prohibits federal courts from hearing suits brought against an unconsenting state.  *Brooks v. Sulphur*
18  *Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991)(citation omitted); *see also Seminole*
19  *Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf*
20  *& Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir.
21  1991). Nevada explicitly has retained its full Eleventh Amendment immunity.  Nev.Rev.Stat.
22  41.031(3).  Accordingly, the State of Nevada will be dismissed from this action with prejudice.

23  In count one of the amended complaint, plaintiff alleges that he was subjected to an
24  unreasonable search and seizure in violation of the Fourteenth Amendment.  "[A] state prisoner's §
25  1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable
26  relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal

1  prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of
2  confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).
3  In this case, success on plaintiff's Fourth Amendment claim would demonstrate the invalidity of his
4  confinement.  Thus, count one is barred.   In counts 2 and 3, plaintiff alleges that he was deprived of
5  his Fourteenth Amendment right to due process in connection with his underlying conviction.
6  Again, these counts are barred under the principle enunciated in *Wilkinson*.

**IT IS THEREFORE ORDERED** that the State of Nevada is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that this complaint is **DISMISSED** for failure to state a claim upon which relief can be granted.  The clerk is directed to enter judgment accordingly.

.

DATED this 9th day of September, 2010.

*Edward C. Reed.*
_____
UNITED STATES DISTRICT JUDGE

4